STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 1440
LOS ANGELES, CALIFORNIA 90010
(213) 385-6926
fax (213) 385-3313
stevenjeyre@gmail.com

Attorney for plaintiffs Abel de Luna,
Luna Management LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

321 North Spring Street, Los Angeles, CA 90012

| | |
|---|---|
| ABEL DE LUNA, an individual, LUNA MANAGEMENT LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>-vs.-<br><br>APODACA PROMOTIONS, INC., a Texas corporation, REPRESENTACIONES ARTISTICAS APODACA, S.A. de C.V., a Mexico Corporation, OSCAR FLORES, BLANCA A. ELIZONDO, DOMINGO BARRERA, BENETIA VASSIALIADI aka BENETIA VASSIALIADI ESPINA, TITO JUNCO REYES, JOSE MARCO MARTINEZ RODRIGUEZ, individuals,<br><br>Defendants. | **No. CV 12-07503 MMM (JCx)**<br><br>**[Proposed] Order for Stipulated Permanent Injunction**<br><br>**Hon. Margaret M. Morrow** |

-1-
**[Proposed] Order for Stipulated Permanent Injunction**

Plaintiffs Abel De Luna and Luna Management LLC, a California limited liability company ("Plaintiffs"), filed their First Amended Complaint herein on November 15, 2012 for federal trademark infringement and unfair competition under 15 U.S.C. § 1125(a)(1)(A), for dilution under 15 U.S.C. § 1125(c), for commercial disparagement under 15 U.S.C. § 1125(a)(1)(B), for state law trade name infringement and dilution under California Business & Professions Code §§ 14330 et seq. and §§ 14402 et seq., for cancellation of trademark registration, and for common law interference with prospective business advantage, accounting and injunctive relief ("this Action").

Defendants APODACA PROMOTIONS, INC., a Texas corporation, REPRESENTACIONES ARTISTICAS APODACA, S.A. de C.V., a Mexico Corporation, OSCAR FLORES and BENETIA VASSIALIADI ESPINA ("Defendants") and Plaintiffs have entered into a Stipulation for Entry of Permanent Injunction (hereinafter, "the Stipulation") and Settlement Agreement and Mutual Release ("Settlement Agreement") with respect to the settlement of this Action without adjudication of any issue of fact or law.

THEREFORE, based upon the stipulation of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## **FINDINGS**

1. This Court has jurisdiction over the subject matter of the claims brought by plaintiffs under 28 U.S.C. §§ 1331 and 1138(a), and under 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 1125(a)(1)(B) and 15 U.S.C. § 1125(c), for cancellation of a federal trademark, as well as over plaintiff's supplemental state law claims, as provided under 28 U.S.C. § 1367.  The Court has jurisdiction over the parties.

2. Venue in the Central District of California, United States District Court ("this federal district") is proper.

3. Plaintiffs' First Amended Complaint in this action states claims for which relief can be granted.

4. The parties have stipulated that Plaintiff Abel de Luna is the owner of two trademark registrations in the U.S. Patent and Trademark Office (the "USPTO") directed to the mark SONORA TROPICANA presented in the following stylized form:



("the Sonora Tropicana Logo") as follows: Reg. No. 3,586,288, in International Class 9 for "pre-recorded CDs, video tapes, laser disks and DVDs featuring pre-recorded music"; and Reg. No. 4,427,642, in International Class 41 for "entertainment, namely, live performances by a musical band; live performances by a musical group" (collectively the "ST Registrations"). The ST Registrations are valid and subsisting as of the date of this stipulation.

5. The parties have stipulated that Defendants Benetia Vassiliadi Espina and José Marcos Martinez are the owners of the registration of U.S. Registration No. 4,150,783 for the mark SUPER ORIGINAL TROPICANA DE BENETIA in International Class 41 for "entertainment services, namely, live performances and appearances by a music and vocal group, and live performances and appearances featuring prerecorded music, by a music and vocal group", which registration defendants herein have agreed to cancel, the dismissal of this Action (including the claim for relief for cancellation) notwithstanding.

6. The parties have agreed that Defendants shall have a period of permissive use ending March 31, 2015 ("the Permissive Use Period") during which Defendants shall be permitted to use the commercial name "Benetia y su

Sonora Tropicana" in connection with live musical performances involving defendant Benetia Vassiliadi Espina and the sale of her musical recordings (including pre-recorded music albums), as well as advertisements and/or promotional materials relating thereto, subject to provisions and restrictions set forth in the Settlement Agreement, and have stipulated that Plaintiffs shall have the right to make an ex parte application to this Court for a modification of this Injunction for the purpose of shortening or terminating the term of the Permissive Use Period at an earlier date if the restrictions set forth in the Settlement Agreement are not honored by Defendants.

7. The parties stipulate that they have entered into the Stipulation freely and without coercion.

8. The parties have acknowledged having reviewed the provisions of the Stipulation as well as this Injunction, and their willingness to abide by their provisions.

9. The parties have stipulated that this Injunction may be entered as set forth below without the taking of evidence, and without trial before the judge or jury, and to resolve all matters of dispute among the parties who have participated in this civil action.

10. Each party to the Stipulation has waived any right to take an appeal from this Injunction.

11. Each party to the Stipulation has agreed that such party does not, and will not, oppose entry of the Permanent Injunction on the grounds that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure.

12. Each party to the Stipulation has agreed to bear such party's own costs of suit and attorney's fees incurred in connection with this Action, any and all related settlement procedures, the Stipulation, and any and all actions set forth under the Settlement Agreement, unless otherwise expressly indicated in the Stipulation or in the Settlement Agreement.

# ORDER

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. Defendants APODACA PROMOTIONS, INC., a Texas corporation, REPRESENTACIONES ARTISTICAS APODACA, S.A. de C.V., a Mexico Corporation, OSCAR FLORES and BENETIA VASSIALIADI ESPINA, their respective officers, agents, servants and employees, and those persons in active concert or participation with any of the foregoing who receive actual notice of this Order by personal service or otherwise are (except as otherwise set forth herein) hereby PERMANENTLY ENJOINED AND RESTRAINED from engaging in or performing any of the following acts:

    a. Using the mark SONORA TROPICANA, the name "Sonora Tropicana," the Sonora Tropicana Logo, or any colorable imitation or confusingly similar name, logo or identification, including without limitation the word "Tropicana," as a trademark or musical group name in connection with advertising or promoting in the United States the musical services or products of the defendants or any of them, or granting permission to any person in active concert or participation with defendants from doing the same;

    b. Using the mark SONORA TROPICANA, the name "Sonora Tropicana," the Sonora Tropicana Logo, or any colorable imitation or confusingly similar name, logo or identification, including without limitation the word "Tropicana," as a trademark or musical group name in connection with the provision or sale in the United States of musical services or products of the defendants or any of them;

    c. Contacting promoters, advertisers or other business in the United States for the purposes of offering the musical services or products of defendants in connection with the mark SONORA TROPICANA, the name "Sonora Tropicana," the Sonora Tropicana Logo, or any colorable imitation or confusingly similar name, logo or identification, including without limitation the word "Tropicana."

**[Proposed] Order for Stipulated Permanent Injunction**

2. During the Permissive Use Period ending March 31, 2015, the use of the name "Benetia y su Sonora Tropicana" by Defendants in accordance with the provisions of the Settlement Agreement shall not be considered a violation of this Injunction.

3. The Court shall have continuing jurisdiction over the Settlement Agreement and the Injunction to enforce the terms of the same and to hear motions to shorten or terminate the Permissive Use Period, or any other related matter.

4. Each party may conduct any reasonable and reasonably necessary post-dismissal discovery for the purpose of determining compliance and enforcing the terms of the Stipulation, the Settlement Agreement and this Injunction.

5. Pursuant to the terms of the Stipulation, Service of this Injunction on the attorneys for defendants APODACA PROMOTIONS, INC., a Texas corporation, REPRESENTACIONES ARTISTICAS APODACA, S.A. de C.V., a Mexico Corporation, OSCAR FLORES and BENETIA VASSIALIADI ESPINA shall be deemed to constitute service on each of such defendants individually.

IT IS SO ORDERED.

Dated: October 31, 2014

_____
HON. MARGARET M. MORROW
United States District Judge

-6-
**[Proposed] Order for Stipulated Permanent Injunction**